CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853

SKYLER H. PEARSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
skyler.pearson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| Julia Aguirre Rodriguez,<br><br>       Petitioner,<br><br>    v.<br><br>Merrick Garland, Attorney General, et al.,<br><br>       Respondents. | Case No. 2:21-cv-00437-RFB-EJY<br><br>**Stipulation and Order to Dismiss** |

Petitioner Julia Aguirre Rodriguez, and Respondents Merrick Garland, et al., through counsel, submit the following Stipulation. The parties enter this Stipulation because:

1.     On March 16, 2021, Petitioner filed her Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 4).

2.     On March 18, 2021, the Court granted Petitioner's Motion for Temporary Restraining Order (ECF No. 11). The Court's order provided that "[t]he Department of Homeland Security and the Department of Immigration and Customs Enforcement are hereby ORDERED not to enforce the [Board of Immigration Appeals' ("BIA")] January 19, 2021 Order." (ECF No. 11 at 6). The Court's order further provided that the BIA's order should be suspended and held in abeyance during the pendency of the case. (ECF No. 11 at 7).

3.     Respondents filed a response (ECF No.17), attaching a declaration from Tyler Adams of the Department of Homeland Security ("DHS") (ECF No. 17-1) and Petitioner replied (ECF No. 18). Thereafter, the Court scheduled and held a hearing on the Motion for Temporary Restraining Order on May 10, 2021 at 9:00 AM.

4.     Following the hearing, the Court entered a Minutes of Proceedings (ECF No. 22) and instructed the parties to provide dates for the Court to hold an additional evidentiary hearing to allow Tyler Adams of the DHS to provide information as to "the effect and implementation of" his declaration (ECF No. 22).

5.     The parties submitted dates, and the Court ordered the additional hearing be held on May 26, 2021 at 1:30 PM (ECF No. 24).

6.     On June 2, 2021, the parties filed a Joint Status Report (ECF No. 27) seeking to have until June 18, 2021 to enter a stipulation resolving the issues or submitting another joint status report.

7.     On June 17, 2021, the parties filed a second Joint Status Report (ECF No. 29) seeking to allow the parties to continue to work on entering into an agreeable stipulation by July 9, 2021.

The parties now hereby agree to and state the following:

1.     Petitioner was released from ICE custody on December 6, 2019.

2.     To date, ICE has not re-detained Petitioner.

3.     Under current agency guidance and President Biden's Executive Order 13993, Petitioner is not currently a priority.

4.     Due to current guidance, Petitioner is not currently subject to being re-detained notwithstanding the BIA's January 19, 2021 decision revoking her bond.

5.     Petitioner will not become a priority unless interim guidance changes or Petitioner becomes a priority as identified in the interim guidance.

6.     In the event that the interim guidance changes or Petitioner becomes a priority as identified in the interim guidance, Respondents will not re-detain Petitioner unless and until she is provided written notice through her counsel of record. Further, the

DHS will conduct a pre-detention custody review to determine if there is clear and convincing evidence that Petitioner is a flight risk or danger.

7.    If after conducting a pre-detention custody review, the DHS determines that it intends to re-detain Petitioner, DHS will file a joint motion with Petitioner to request a pre-detention hearing before an Immigration Judge ("IJ"), and include in the motion its findings from the pre-detention custody review. Nothing in this stipulation is intended to create a right to a pre-detention hearing before an IJ, which is entirely at the IJ's discretion.

8.    DHS will stipulate before the IJ that the pre-detention hearing be conducted under the standards outlined by *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020), during which DHS will bear the burden of establishing Petitioner's dangerousness or flight risk by clear and convincing evidence unless and until *Aleman Gonzalez* becomes inapplicable by subsequent Ninth Circuit or Supreme Court authority.

In the event the IJ exercises her favorable discretion and grants a pre-detention custody hearing, the parties may request, at the IJ's discretion, that the hearing not be scheduled less than 30 days from the time Petitioner's counsel of record is provided with notice of the hearing.

9.    While Petitioner pursues remedies available to her in her underlying immigration proceedings, an IJ has discretion to consider any agency decisions as factors in consideration of any re-detention decision, including what weight to give such factors in making any re-detention decision. Moreover, nothing in this stipulation is intended to disturb the rule that IJs should only set a bond or consider alternative conditions of release if the IJ finds that the noncitizen is not a danger to persons or property or a threat to national security. *See Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009); *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006). The DHS and the IJ may continue to rely on the non-exhaustive list of factors set forth in *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), and any other provision of law as appropriate, to assess a noncitizen's flight risk.

10.    In the event Petitioner is re-detained without a pre-detention custody review and hearing, a local Enforcement and Removal Operations Manager responsible for the

detention facility in question should be contacted to ensure Petitioner's immediate release. The information will be provided to Petitioner's counsel of record upon the Court's grant of this stipulation.

11.     The Court's Temporary Restraining Order entered on March 18, 2021, (ECF No. 11), shall be vacated.

12.     Petitioner's Petition for Habeas Corpus shall be dismissed without prejudice.

13.     The parties will bear their own costs and fees.


Respectfully submitted this 9th day of July 2021.


VALDEZ LAW FIRM, APC.
Patrick Valdez (NV Bar No. 11005)
10305 Hawthorne Blvd.
Inglewood, CA 90304-1509
Patrick@Valdez-law.com

ANDRES ORTIZ LAW
Andres Ortiz (CSBN 279239)*
320 Pine Ave, Suite 608
Long Beach, CA 90802
Andres.Ortiz@andresortizlaw.com
*Pro Hac Vice Application Pending

 /s/ Andres Ortiz
ANDRES ORTIZ
320 Pine Ave., Suite 608
Long Beach, CA 90802
Andres.Ortiz@andresortizlaw.com

*Attorneys for Petitioner*

CHRISTOPHER CHIOU
Acting United States Attorney


 /s/ Skyler Pearson
SKYLER H. PEARSON
Assistant United States Attorney

*Attorneys for the United States*


**IT IS SO ORDERED**

**RICHARD F. BOULWARE, II**
**United States District Court**
DATED this 9th day of July, 2021.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28